**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2710-15T3

S.M.,

      Petitioner-Appellant,

  v.

DIVISION OF MEDICAL ASSISTANCE
AND HEALTH SERVICES and CAMDEN
COUNTY BOARD OF SOCIAL SERVICES,

      Respondent-Respondent.

_____

Submitted October 17, 2017 — Decided October 27, 2017

Before Judges Fisher and Moynihan.

On appeal from the Department of Human Services, Division of Medical Assistance and Health Services.

Schutjer Bogar LLC, attorneys for appellant (John Pendergast, on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Melissa Bayly, Deputy Attorney General, on the brief).

PER CURIAM

    Petitioner S.M. appeals a final decision by the Director of

the Division of Medical Assistance and Health Services that limited

her eligibility for Medicaid benefits because she maintained with her son a joint bank account containing approximately $70,000. She argues the Director did not fairly consider that her son was the sole source of nearly $60,000 of those funds and, consequently, the Director's final decision was arbitrary, capricious and unreasonable.

During the pendency of the appeal, S.M. moved to supplement the record on appeal with the depository bank's letter which purports to confirm that her son, M.M., was the sole source of $50,000 deposited into the account in question.[1] Our colleagues on another panel left for us a ruling on that motion. We now grant the motion to supplement, vacate the final agency decision, and remand for further proceedings.

The record on appeal reveals that the Director's final decision adopted, with some additional comments, an administrative law judge's written recommendations formulated after an

---

[1] The bank's letter provides that in February 2009, M.M. transferred $50,000 cash from a joint checking account with S.M. into a personal certificate of deposit in his name only, and then transferred the funds in the certificate account back to the joint checking account in November 2010. S.M. closed the joint checking account on August 25, 2011, and a check was made to her alone. The bank's letter reads, "All funds originated from [M.M.] personally." That check — nearly $60,000 — was deposited on August 25, 2011 in another joint account; those funds are now being attributed by S.M. by the Division. Our remand will provide the mechanism by which any uncertainty about these funds may be clarified.

2

evidentiary hearing. After hearing the testimony of a county welfare agency representative and M.M., the ALJ rejected S.M.'s attempts to rebut the presumption of her access to the joint account because of his negative view of M.M.'s credibility. That is, the ALJ rejected the contention that a substantial portion of the checking account was "derived from the sale of M.M.'s home," in which S.M. had no interest, because "M.M. became confrontational and defensive during cross examination on the issue and this detracted from his credibility." The Director adopted the ALJ's determination with some additional comments regarding the fact that S.M.'s social security checks were also deposited into the account; although relevant, that finding does not preclude the contention that M.M. provided a substantial portion of that account from his own funds.

We normally do not disregard credibility findings because the ALJ alone saw and heard the witnesses. See, e.g., N.J. Div. of Youth & Family Servs. v. G.M., 198 N.J. 382, 396 (2009). But, in reviewing the transcript of the proceedings, we find no support for the ALJ's view of M.M.'s credibility. The ALJ found M.M. "confrontational" and "defensive" when cross-examined about the source of the funds, but the cross-examination did not extend into that issue. He was only questioned about his mother's physical well-being and M.M.'s plan for his mother's future. Moreover,

there is nothing about the brief cross-examination that would remotely suggest M.M. was anything other than responsive. We, of course, have no insight into M.M.'s demeanor, but without a greater explanation from the factfinder we are left with the strong impression that there has been a manifest denial of justice with regard to this particular credibility finding that calls for our intervention. See Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974); see also Gnall v. Gnall, 222 N.J. 414, 428 (2015).

Because the material questions surrounding the nature and source of the checking account were resolved through what seems to us a mistaken credibility finding, and because the information provided by way of the motion to supplement raises legitimate questions yet to be resolved about the impact of this checking account on S.M.'s Medicaid eligibility, we vacate the final agency decision and remand for further testimony and submission of evidence regarding these factual questions about the source of the funds.

The motion to supplement is granted, the final agency decision vacated, and the matter remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2710-15T3